UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONALD W. DUNCAN**                                                                                          **PLAINTIFF**

**v.**                                           **CASE NO. 4:06-CV-1604 GTE**

**UNITED STATES FEDERAL BUREAU
OF INVESTIGATION, and THE NATIONAL
CRIME INFORMATION CENTER**                                                  **DEFENDANTS**

## ORDER ON MOTION FOR A MORE DEFINITE STATEMENT

Before the Court are Defendant's Motion for a More Definite Statement (Docket No. 8), Defendant's Motion to Strike the Plaintiff's More Definite Statement (Docket No. 11), and Defendant's Motion for a More Definite Statement (Docket No. 11).  On January 12, 2007, Defendant filed its first Motion for a More Definite Statement.  Defendant's response was due on January 26, 2007.  On January 29, 2007, before this Court ruled on the motion, Plaintiff filed a document entitled "A More Definitive Statement."  On February 12, 2007, Defendant filed its Motion to Strike the Plaintiff's More Definite Statement and Motion for a More Definite Statement.

> Federal Rule of Civil Procedure 12(e) provides:
>
> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).  Furthermore, Local Rule 7.2(f) provides, "The failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal

Rules of Criminal Procedure, or by any local rule, shall be an adequate basis, without more, for granting the relief sought in said motion."

Plaintiff's complaint alleges that Defendants have denied him his second amendment right to "purchase guns" for the purpose of hunting.  Defendant requests that Plaintiff clarify whether he was denied from buying a gun, and if so, where he attempted to buy the gun, why he was denied, when he was denied, what information he is alleging was reported on him by NICS (the national system that checks available records on persons who may be disqualified from receiving firearms), and whether he alleges that the information is erroneous.  Defendant also requests that Plaintiff state whether he appealed his denial, and if so, the result of the appeal.

Plaintiff's "More Definitive Statement" states that he "twice filled out the Firearms Transaction Record-Over the Counter, OMB # 1140-0020, at the Benton Wal-Mart and was turned down both times, while trying to buy a shotgun."  "First, I was turned down by the FBI and secondly by the NCIC according to Wal-Mart employees who work in the sporting goods section.  Never at any time did the Wal-Mart employees ever tell me that I had the right to appeal either decision.  I went to Sue's Pawn Shop in Benton and again filled out that form only to be told that I had been denied the opportunity to purchase a handgun or any other type of firearm."  He states that his name, social security number, and date of birth were on the forms mentioned above.

Defendant moves to strike this statement and requests additional information, including Plaintiff's complete date of birth, dates of attempted purchases, full name used on the forms, his social security number, and if Plaintiff has the information, the NTN number of his denials.  The Court will grant Defendant's motions.

**Therefore, <u>on or before March 13, 2007</u>, Plaintiff shall file an Amended Complaint stating Plaintiff's complete date of birth, locations of attempted purchases, dates of attempted purchases, full name used on the forms, and his social security number (if Plaintiff does not want to reveal his social security number in a pleading filed in Court, the Plaintiff can send his social security number to Stacey E. McCord, Assistant United States Attorney, P.O. Box 1229, Little Rock, AR 72201, in a letter). Plaintiff shall also specifically state whether he appealed his denial, and if so, the result of the appeal. Also, if Plaintiff has the NTN number of his denials, he is directed to provide that information in the amended complaint. Furthermore, if Plaintiff has the following information, he is directed to include it in the amended complaint: why he was denied the purchase of the guns, what information he is alleging was reported on him by NICS (the national system that checks available records on persons who may be disqualified from receiving firearms), and whether he alleges that the information is erroneous.** Plaintiff is placed on notice that if he does not comply with this Order, the Court has the authority to dismiss his Complaint. *See Thompson v. Johnson*, 253 F.2d 43, 43 (D.C. Cir. 1958).

Accordingly,

IT IS THEREFORE ORDERED THAT the Defendant's Motions for a More Definite Statement (Docket Nos. 8, 11) shall be, and are hereby, GRANTED. Plaintiff shall file an "Amended Complaint" including the information set forth above **on or before March 13, 2007**.

IT IS FURTHER ORDERED THAT Defendant's Motion to Strike (Docket No. 11) Plaintiff's "More Definitive Statement" (Docket No. 10) be, and it is hereby, GRANTED.

Dated this 13th day of February, 2007.

                                                      /s/Garnett Thomas Eisele_____
                                                      UNITED STATES DISTRICT JUDGE